United States District Court
Southern District of Texas
**ENTERED**
May 27, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TAMMIE L. WILSON-HORNE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-19-4162 |
| § | |
| PHILLIPS 66 COMPANY, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Phillips 66 Company's ("Phillips") motion to enforce settlement. Dkt. 24. Plaintiff Tammie L. Wilson-Horne did not respond, but her counsel join in Phillips's motion. Having considered the motion and applicable law, the court is of the opinion that Philips's motion to enforce settlement should be GRANTED.

According to the local rules, "failure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L. R. 7.4. Wilson-Horne did not respond to Phillips's motion to enforce settlement, and thus, the court deems this motion unopposed. *See Terry v. Houston*, No. CV H-15-2430, 2018 WL 2010302, at *1 (S.D. Tex. Apr. 30, 2018) (Miller, J.). Additionally, "a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). The parties informed the court that a settlement agreement had been reached in November 2020. Dkt. 23. An oral settlement agreement is not required to be written to be enforceable. *See Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981). If a party to the suit previously authorized a settlement but "changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement." *Id.*

Phillips contends that the settlement agreement the parties reached during mediation is enforceable, even though Wilson-Horne has since refused to execute the settlement documents. The court agrees. It is, therefore, ORDERED that Phillips's motion (Dkt. 24) is GRANTED in all respects.

It is further ORDERED that

(1) the Confidential Settlement Agreement and Release of All Claims sent by counsel for Phillips to counsel for Plaintiff Tammie L. Wilson-Horne on January 31, 2021 ("Settlement Agreement") is a valid, binding, and enforceable agreement; (2) Phillips shall tender to Wilson-Horne and her counsel, within 30 days of the entry of this order, the sum agreed to in the Settlement Agreement; and (3) this lawsuit is finally and fully settled and all of Wilson-Horne's claims that were alleged, or that could have been alleged, against Phillips 66 are dismissed with prejudice. Each party shall bear its own costs.

Signed at Houston, Texas on May 26, 2021.

_____
Gray H. Miller
Senior United States District Judge